**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| RALPH STEPHEN COPPOLA, as trustee of R.S. Coppola Trust, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., *et al.*,<br><br>Defendants. | Case No. 3:25-CV-00491-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

On September 9, 2025, Plaintiffs Ralph Stephen Coppola, as an individual and as Trustee of the R.S. Coppola Trust, and Jesse David Solomon ("Plaintiffs") filed an emergency motion to use electronic filing, a motion to temporarily waive filing fees, and three supporting declarations. (ECF Nos. 1, 1-1, 1-2, 1-3, 1-4.) However, Plaintiffs did not file a complaint. The Court denied Plaintiff's motion to use electronic filing because it was filed collectively rather than individually and ordered Plaintiffs to file a complaint and fully complete application to proceed *in forma pauperis* for each Plaintiff or pay the full $405 filing fee for a civil action by Monday, October 27, 2025. (ECF No. 3.) The Court cautioned that failure to comply with all requirements outlined in the order would "result in a recommendation to the District Court to dismiss [the] case." (*Id.* at 3.) There have been no filings since the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power . . . may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961)). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, the Court's warning to Plaintiffs that their failure to obey the Court's order will result in the Court recommending dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's September 26, 2025, order expressly stated:

"Failure to comply with all of the requirements of this order will result in a recommendation to the District Court to dismiss this case." (ECF No. 3 at 3.) Thus, Plaintiffs had adequate warning that dismissal would result from their noncompliance with the Court's order.

Accordingly, the Court recommends this action be dismissed without prejudice based on Plaintiffs' failure to file a complaint and pay the filing fee or file a fully complete application to proceed *in forma pauperis* for each Plaintiff as ordered.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

I. **RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that this action be **DISMISSED** without prejudice.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court **ENTER JUDGMENT** accordingly and **CLOSE** this case.

**DATED**: November 3, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**